Daniel, Judge.
Justices’ executions bind personal property only from the levy. 1 Rev. Stat. ch. 45, sec. 16. Mortgages and deeds in trust are good against creditor's and' purchasers only from the date of the registration. 1 Rev. Stat. ch. 37, sec. 24. In this case, the registration of the *175 deed from Stephens, under which the plaintiff claims, and the constable’s levy under the justice’s execution against the said Stephens, under which the defendant claims, were made on the same day, to wit, the 11th of October, 1837. The deed m trust had been proved, and was delivered to the register at 7 o’clock, P. M. on that day, and he immediately commenced registering it, and continued until the same was completed. The endorsation on it simply is “enrolled in the register’s office the 11th of October, 1837.” The defendant’s judgments were obtained at 9 o’clock P. M. the same day — executions were immediately issued, and the constable levied, on the same day, on the property contained in the plaintiff’s deed in trust. The Judge said that the law does not regard the fractions of a day unless time be material, but that it will take notice of a prior and a posterior when it is necessary for the ends of justice. This - opinion was correct. It is a maxim, that in law there is no fraction of a day. Co. Lit. 135—136. 9 East’s Rep. 154. 11 East’s Rep. 496. 4 Term. Rep. 660. Yet that doctrine no longer prevails when it becomes essential for the purposes of justice to ascertain the exact hour or minute. 9 East’s Rep. 154. 3 Coke Rep. 36. 3 Bur. Rep. 1434. 2 Bur. & Ald. 586. 3 Chitty’s Prac. 113. The legislature directs (1 Rev. Stat. ch. 37, sec. 26) that the register shall endorse on each deed of trust or mortgage, the day on which it is delivered to him for registration, and such endorsement shall be entered on the register’s books and form a part of the registration ; and he shall immediately thereafter register such deeds in the order of time they are delivered to him. The direction contained in this section of the act, was intended to preserve the best evidence of the fact of priority in delivery and registration of deeds of trust and mortgages. The register is subject to an action and an indictment if he omit this duty. Certainly it is not essential to the validity of a registration, that the day of delivery to the register should be endorsed on the deed and registered with it in the books of the office. If this duty is not performed by the register, it'may be questionable whether the registration can refer back to an antecedent day by means of parol evidénce of that fact. But there is no claim on the part of the plámtiíf here *176 .to carry back the registration beyond the day whereon it was registered and certified to have been registered. Our leg’stature has not been as particular as the British parliament have been in framing some of their registry acts. It ^ ^ ** has not directed the register to note the hour of the day-when deeds shall have been delivered i into his office. In M’Kennon v. M’Lean (Ante, 2 vol. p. 79), this Court held that “ registration in itself is but one thing, necessarily indeed made up of successive operations, consuming more than an instant of time; and as the registration cannot be said t0 exast at any instant after it was begun, the intermediate lapse of time is not regarded, and the whole relates to the first moment, so as to make the act operative therefrom.From the beginning the whole is one continuing act, and therefore in legal contemplation, it is done from the com- „ , , , , . mencement. ihe registry or the plamtitt s deed m trust, was commenced, if not finished, before the defendant’s levy. We are therefore of the opinion that the law was properly expounded by the Superior Court, and the judgment must be affirmed.
deed in deemed to píete "from the time when the register ce™!™611"
Per Curiam; ' Judgment affirmed.